May Term,
1854.

WILSON
v.
DALE.

⋅⋅⋅

### WILSON *v.* DALE.

Bill to subject the equitable estate of one of two debtors to sale upon a justice's
judgment. The bill alleged that an execution had been issued on the judg-
ment, and returned *nulla bona,* but contained no averment that the defendant,
or his co-defendant in the judgment, had no real estate subject to execution.
*Held,* that the bill showed no ground for relief.

The provisions on p. 456, R. S. 1843, authorizing the sale, upon a decree in
chancery, of an equitable interest in real estate, after an execution at law has
proved unavailing, relate to executions from the Circuit Courts.

ERROR to the *Delaware* Circuit Court.

*Per Curiam.*—*Dale* filed his bill in chancery in the *Del-
aware* Circuit Court, setting forth that in 1846 he obtained
a judgment before a justice of the peace of *Wayne* county,
for a fraction over 20 dollars, against *Jeremiah A. Wilson*
and one *Ithamar W. Huff;* that he procured an execution
to be issued on said judgment, which was returned "*nulla
bona;*" that since that time said *Wilson* had become a citi-
zen of *Delaware* county, and had obtained therein of one
*Thompson* an equitable interest in certain real estate par-
ticularly described. *Wilson* and *Thompson* are made de-
fendants. *Huff* is not. A decree was prayed and granted
for the sale of said equitable interest.

Neither the decree nor the bill in this case can be sus-
tained. There is nothing showing a necessity of resorting
to chancery for the collection of the debt in question. A
return of *nulla bona* upon an execution issued by a justice
of the peace, is no evidence that the defendant has not
real estate subject to execution, and the bill does not allege
that he has not. Besides, the judgment of the justice
was against two. But one of those defendants is made

*Wednesday,
May 31.*

May Term,
1854.

BOARD OF
TRUSTEES OF
THE WABASH
AND ERIE
CANAL
v.
COKELY.
a defendant to this bill, and there is no allegation that the other has not real estate.

The sections of the R. S. 1843, on page 456, authorizing the sale of an equitable interest in real estate, on a decree in chancery, after an unavailing execution at law, relate to an execution from the Circuit Court.

The decree is reversed with costs. Cause remanded, &c.

*W. March*, for the plaintiff.

*T. J. Sample* and *D. Kilgore*, for the defendant.

